## J. D. BOYD V. STATE

No. 33,283. April 12, 1961

WOODLEY, Presiding Judge, absent.

No attorney for appellant of record on appeal.

*Frank Briscoe,* District Attorney, *Samuel H. Robertson, Jr., Edward D Michalek, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge

The conviction is under Art. 802b, V.A.P.C., for the subsequent offense of driving while intoxicated; the punishment, one year in jail.

The evidence was undisputed that, on the date alleged in the indictment, the appellant, while driving his Chevrolet automobile upon Clinton Drive, a public street and highway in Harris Coun-

ty, was involved in a collision with another automobile. Witnesses called by the state, including the two investigating officers who observed the appellant at the scene after the collision, in describing his actions and appearance, testified that he had an "alcoholic" odor on his breath, he spoke with a "thick tongue," his speech was "slurred," he "staggered" when he walked, and expressed the opinion that, at such time, appellant was intoxicated. Following his arrest, a blood specimen was taken from appellant with his consent which, upon being analyzed by Chemist and Toxicologist Floyd E. McDonald, was shown to contain .20% alcohol. Chemist McDonald testified that, in his opinion, any person with such a concentration of alcohol in his blood would be intoxicated.

The prior alleged misdemeanor conviction of appellant for driving while intoxicated was stipulated.

As a witness in his own behalf, appellant admitted driving the automobile on the occasion in question and having consumed 1½ bottles of beer prior to the collision, but denied that, at such time, he was intoxicated.

Witnesses were called by appellant who testified that they had been with and observed him at various times during the afternoon prior to the collision and that at such times he was sober.

The jury chose to resolve the disputed issue of intoxication against the appellant and we find the evidence sufficient to sustain its verdict.

The record contains no formal bills of exception or objections to the court's charge.

No brief has been filed on behalf of appellant.

We have examined the informal bills of exception contained in the statement of facts and find no reversible error therein.

The judgment is affirmed.

Opinion approved by the Court.